## HUFF v. BEALL & RACHFORD.

Title Bond — Eviction — Warranty — Limitations.

> A. purchased of B. certain lands upon which B. had given a mortgage,
> a payment having been made to B. by A. B. executes a bond for title to
> indemnity A. against eviction under the mortgage and to convey the land
> upon payment of the mortgage debt. The mortgage was never paid and
> A. was evicted. *Held*, that, as there was no breach of the bond, the
> Statute of Limitations did not begin to run until after the eviction.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 23, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

There is evidence conducing to prove that the defendants, Beall & Rachford, executed the writing, on a copy of which the suit was brought, and the original of which was indorsed on the bond of B. D. Beall, etc., for a title and refers to it. There is also evidence of the genuineness of the receipt for $140 written under the indorsement, and of the loss of the original.

The petition avers a consideration for the bond sued on, which, besides other evidence conducing to prove it, is to be implied from the facts stated in the bond sued on, and is established by comparing it with the title bond on which it is indorsed. The manifest object of the bond sued on was to indemnify Huff against the mortgage to McArthur made before his purchase, or to guarantee the title sold to Huff against that mortgage, and we are of opinion that there was no breach of the bond until Huff was evicted under the mortgage title, which occurred within much less than seven years before the commencement of this action, so that the plea of the defendants that more than seven years had elapsed after the accrual of the cause of action before the commencement of this suit is disproved by the record of eviction.

The same result would have followed if the defendants had been immediate parties to the title bond, since the conveyance was to be made only when the purchase money should be fully paid, which has never been done, and the eviction under the prior mortgage would have shown a breach of the bond. As already

4

said, there was evidence conducing to prove the payment of $140 by receipt on the bond and otherwise, and the recital of the title bond that a certain sum was to be paid in hand and was actually paid is *prima facie* evidence of that payment.

It seems to us, therefore, that there was evidence which would have authorized a verdict for the plaintiff and that the court erred in instructing the jury to find for the defendant.

Wherefore, the judgment is reversed, and the cause remanded for a new trial in conformity with this opinion.

*Hallam & Lindsey, for appellees.*